**IN THE COURT OF COMMON PLEAS**
**FRANKLIN COUNTY, OHIO**

| | |
|---|---|
| MADISON LEWIS<br>7845 Strawberry Hill Road<br>Lewis Center, Ohio 43035,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.<br>5500 Glendon Court #100<br>Dublin, Ohio 43106<br><br>**Serve Also:**<br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.<br>c/o Corporation Service Company<br>Registered Agent<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215<br><br>and<br><br>JESSICA RAUSCHER<br>c/o Sedgwick Claims Management Services, Inc.<br>5500 Glendon Court #100<br>Dublin, Ohio 43106<br><br>Defendants. | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Madison Lewis, by and through undersigned counsel, as her Complaint against Defendants Sedgwick Claims Management Services, Inc. ("Sedgwick") and Rauscher, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Lewis is a resident of the city of Columbus, Delaware County, Ohio.
2. At all times herein, Lewis was acting in the course and scope of her employment.

SPITZ

3. Defendant is a domestic limited liability company that does business at 5500 Glendon Court #100, Dublin, Ohio 43016.

4. Defendant is and at all times herein was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. The claim herein arose from or relates to the contacts of Sedgwick with Ohio residents, thereby conferring specific jurisdiction over Sedgwick.

6. All of the material events alleged in this Complaint occurred in Franklin County.

7. Personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and (4).

8. Venue is proper pursuant to Civ. R. 3(C)(2).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. On or about June 24, 2024, Lewis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2024-03596 against Sedgwick ("Lewis EEOC Charge").

11. On or about July 10, 2024, Lewis filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge No. COL71(008142)07102024 against Rauscher ("Lewis OCRC Charge").

12. On or about January 8, 2025, the EEOC issued a Notice of Right to Sue letter to Lewis regarding the Lewis EEOC Charge.

13. On or about January 16, 2025, the OCRC issued a Notice of Right to Sue letter to Lewis regarding the Lewis OCRC Charge.

14. Lewis has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

**FACTS**



SPITZ

15. Lewis is a former employee of Defendant.
16. Lewis began working for Defendant on or around January 8, 2024.
17. Lewis worked for Defendant as a Disability Specialist.
18. Lewis suffers from chronic pancreatitis, anxiety, post-traumatic stress disorder, depression, SI joint dysfunction, sphincter of oddi dysfunction, sciatica, atrial fibrillation, and diabetes. (Lewis' "Disabilities").
19. Lewis' Disabilities are diseases.
20. Lewis' Disabilities are physical impairments.
21. Lewis' Disabilities substantially limit one or more major life activities.
22. Lewis has a record of Lewis' Disabilities.
23. As a result of Lewis' Disabilities, Lewis is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).
24. Lewis disclosed Lewis' Disabilities to Defendants.
25. In the alternative, Defendants perceived Lewis as being disabled.
26. In the alternative, Defendants perceived that Lewis' Disabilities constituted a physical impairment.
27. In the alternative, Defendants perceived Lewis' Disabilities to substantially impair one or more major life activities, including working.
28. Despite these actual or perceived disabling conditions, Lewis was still able to perform the essential functions of her job.
29. As a result of Lewis' Disabilities, Lewis sometimes has trouble lifting, moving, sitting, walking, and eating.



SPITZ

30. As a result of Lewis' Disabilities, Lewis sometimes experiences intense pain and stomach problems.

31. Throughout her employment with Sedgwick, Lewis experienced discriminatory treatment from her supervisors on the basis of her Disabilities.

32. Throughout Lewis' employment with Defendant, Defendant took adverse actions against Lewis on the basis of her Disabilities.

33. On or about January 30, 2024, Lewis asked Assistant Vice President of Operations Management Stacy Porter for reasonable accommodations for Lewis' Disabilities ("First Request for Reasonable Accommodations").

34. Porter denied Lewis' First Request for Reasonable Accommodations.

35. Before denying Lewis' First Request for Reasonable Accommodations, Sedgwick did not engage in any conversation with Lewis regarding alternative accommodations.

36. In response to Lewis' First Request for Reasonable Accommodations, Sedgwick failed to engage in an interactive process to determine what accommodations Lewis could be provided as required by Ohio law.

37. On or about February 27, 2024, Lewis reached out to Porter to inquire about reasonable accommodations for her Disabilities ("Second Request for Reasonable Accommodations").

38. Porter denied Lewis' Second Request for Reasonable Accommodations.

39. Before denying Lewis' Second Request for Reasonable Accommodations, Sedgwick did not engage in any conversation with Lewis regarding alternative accommodations.

40. In response to Lewis' Second Request for Reasonable Accommodations, Sedgwick failed to engage in an interactive process to determine what accommodations Lewis could be provided as required by Ohio law.



SPITZ

41. On or about March 12, 2024, Lewis' asked Team Lead Jessica Rauscher about reasonable accommodations for her Disabilities ("Third Request for Reasonable Accommodations").
42. On or about March 12, 2024, Lewis' doctor sent over medical documentation in support of Lewis' Third Request for Reasonable Accommodations.
43. Rauscher denied Lewis' Third Request for Reasonable Accommodations ("Third Denial of Reasonable Accommodations").
44. Before denying Lewis' Third Request for Reasonable Accommodations, Sedgwick did not engage in any conversation with Lewis regarding alternative accommodations.
45. In response to Lewis' Third Request for Reasonable Accommodations, Sedgwick failed to engage in an interactive process to determine what accommodations Lewis could be provided as required by Ohio law.
46. Following the Third Denial of Reasonable Accommodations, Lewis filed a report of disability discrimination with Sedgwick ("First Protected Complaint").
47. Sedgwick has a policy against discrimination and retaliation ("Discrimination Policy").
48. Alternatively, Sedgwick does not have a policy prohibiting discrimination and retaliation.
49. Sedgwick has a policy of investigating significant workplace issues or events.
50. The First Protected Complaint reported a violation of the Discrimination Policy.
51. The First Protected Complaint reported a significant workplace issue or event.
52. Pursuant to Sedgwick's policies, the First Protected Complaint should be investigated.
53. Alternatively, pursuant to Sedgwick's policies, the First Protected Complaint should not be investigated.
54. An investigation should include interviewing the complainant.
55. An investigation should include interviewing the subject of the complaint.



SPITZ

56. An investigation should include interviewing the subject of the reported discrimination.

57. An investigation should include interviewing witnesses to the reported discrimination.

58. An investigation should include getting a written statement from the complainant.

59. An investigation should include getting a written statement from the subject of the reported discrimination.

60. In response to the First Protected Complaint, Defendant did not interview Lewis.

61. In response to the First Protected Complaint, Defendant did not interview Rauscher.

62. In response to the First Protected Complaint, Defendant did not interview any witnesses.

63. In response to the First Protected Complaint, Defendant did not get a written statement from Lewis.

64. In response to the First Protected Complaint, Defendant did not get a written statement from Rauscher.

65. In response to the First Protected Complaint, Defendant did not get a written statement from any witnesses.

66. In response to the First Protected Complaint, Defendant conducted no investigation whatsoever.

67. In response to the First Protected Complaint, Defendant failed to take remedial action.

68. Due to Defendant's failure to take remedial action, Lewis was subject to further discriminatory and retaliatory treatment.

69. On or about April 5, 2024, Sedgwick terminated Lewis' employment ("Termination").

70. The Termination was discrimination based on Lewis' Disabilities.

71. The Termination was retaliation for Lewis' First Request for Accommodations.

72. The Termination was retaliation for Lewis' Second Request for Accommodations.



SPITZ

73. The Termination was retaliation for Lewis' Third Request for Accommodations.

74. The Termination was retaliation for Lewis' First Protected Complaint.

75. Sedgwick has a progressive disciplinary policy ("Discipline Policy").

76. A verbal warning is the lowest level of discipline in the Discipline Policy.

77. Lewis did not receive a verbal warning before the Termination.

78. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

79. Lewis did not receive a written warning before the Termination.

80. A final written warning is a higher level of discipline than a written warning in the Discipline Policy.

81. Lewis did not receive a final written warning before the Termination.

82. A termination is the highest level of discipline in the Discipline Policy.

83. Sedgwick knowingly skipped progressive disciplinary steps in terminating Lewis' employment.

84. Sedgwick knowingly terminated Lewis' employment.

85. Sedgwick knowingly took an adverse employment action against Lewis.

86. Sedgwick knowingly took an adverse action against Lewis.

87. Sedgwick intentionally skipped progressive disciplinary steps in terminating Lewis' employment.

88. Sedgwick intentionally terminated Lewis' employment.

89. Sedgwick intentionally took an adverse employment action against Lewis.

90. Sedgwick intentionally took an adverse action against Lewis.

91. Sedgwick knew that skipping progressive disciplinary steps in terminating Lewis' employment would cause Lewis harm, including economic harm.

92. Sedgwick knew that terminating Lewis' employment would cause Lewis harm, including economic harm.

93. Sedgwick willfully skipped progressive disciplinary steps in terminating Lewis' employment.

94. Sedgwick willfully terminated Lewis' employment.

95. Sedgwick willfully took an adverse employment action against Lewis.

96. Sedgwick willfully took an adverse action against Lewis.

97. As a direct and proximate result of Defendants' conduct, Lewis suffered and will continue to suffer damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq.***
**(as against Defendant Sedgwick)**

98. Lewis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. Defendant treated Lewis differently than other similarly-situated employees based on her disabling condition.

100. On or about April 5, 2024, Defendant terminated Lewis' employment without just cause.

101. Defendant terminated Lewis' employment based on her disabilities.

102. Defendant violated R.C. § 4112.02 when it discharged Lewis based on her disabilities.

103. Defendant violated R.C. § 4112.02 by discriminating against Lewis based on her disabling conditions.

104. As a direct and proximate result of Defendant's conduct, Lewis suffered and will continue to suffer damages.

**COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.***
**(as against Defendant Sedgwick)**

105. Lewis informed Defendant of her disabling condition.

106. Lewis requested accommodations from Defendant to assist with her disability.



SPITZ

107. Lewis' requested accommodations were reasonable.

108. There was an accommodation available that would have been effective and would have not posed an undue hardship to Defendant.

109. Defendant failed to engage in the interactive process of determining whether Lewis needed an accommodation.

110. Defendant failed to provide an accommodation.

111. Defendant violated R.C. § 4112.02 by failing to provide Lewis a reasonable accommodation.

112. As a direct and proximate result of Defendant's conduct, Lewis suffered and will continue to suffer damages.

**COUNT III: RETALIATION IN VIOLATION OF R.C. 4112.01 *et seq.***
**(as against Defendant Sedgwick)**

113. Lewis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

114. Lewis requested reasonable accommodations for Lewis' Disabilities.

115. Subsequent to Lewis' First Request for Reasonable Accommodations, Defendant terminated Lewis' employment.

116. Subsequent to Lewis' Second Request for Reasonable Accommodations, Defendant terminated Lewis' employment.

117. Subsequent to Lewis' Third Request for Reasonable Accommodations, Defendant terminated Lewis' employment.

118. Subsequent to Lewis' Third Denial of Reasonable Accommodations, Lewis complained of discrimination in her First Protected Complaint.

119. Subsequent to Lewis' First Protected Complaint, Defendant terminated Lewis' employment.

120. Defendant's actions were retaliatory in nature based on Lewis' protected actions.



SPITZ

121. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section..."

122. As a direct and proximate result of Defendant's conduct, Lewis suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT IV: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**
**(as against Defendant Rauscher)**

123. Lewis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

125. Rauscher aided, abetted, incited, coerced, and/or compelled Sedgwick's discriminatory termination of Lewis.

126. Rauscher aided, abetted, incited, coerced, and/or compelled Sedgwick's discriminatory treatment of Lewis.

127. Rauscher violated R.C. § 4112.02(J) by aiding, abetting, and inciting discrimination.

128. As a direct and proximate result of Rauscher's conduct, Lewis has suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Madison Lewis respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

(i) Requiring Defendant to abolish discrimination, harassment, and retaliation;



SPITZ

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Lewis to one of the positions to which he was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Lewis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Lewis claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*

Trisha Breedlove (0095852)
Hannah Martin (0103992)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 683-7331
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
hannah.martin@spitzlawfirm.com

*Attorneys for Plaintiff Madison Lewis*

**JURY DEMAND**

Plaintiff Madison Lewis demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*

Trisha Breedlove (0095852)
Hannah Martin (0103992)

*Attorneys for Plaintiff Madison Lewis*



SPITZ